# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### October 2, 2012 Session in Nashville

## ARTIS WHITEHEAD v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 03-04835       James C. Beasley, Jr., Judge**

---

**No. W2010-00784-SC-R11-PC - Filed March 21, 2013**

---

JANICE M. HOLDER, dissenting

I respectfully dissent from the majority's conclusion that due process requires tolling of Mr. Whitehead's post-conviction statute of limitations based on attorney abandonment.

As the majority noted, with three statutory exceptions, the explicit language of Tennessee Code Annotated section 40-30-102(a) prohibits tolling, in law or equity, of the post-conviction statute of limitations. This Court has recognized, however, that the strict application of the statute of limitations could violate due process by denying a defendant a reasonable opportunity to bring a post-conviction claim. See, e.g. Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001) (tolling warranted in certain instances of attorney misconduct but not for attorney negligence); Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000) (tolling warranted when petitioner failed to file a timely petition due to mental incompetence); Burford v. State, 845 S.W.2d 204, 209 (Tenn. 1992) (tolling appropriate when the prior convictions used to enhance petitioner's sentence were overturned after the statute of limitations had expired).

Today the majority adopts the two-pronged analysis of Holland v. Florida, __ U.S. __, 130 S. Ct. 2549 (2010), to expand our due process tolling jurisprudence to include a petitioner's failure to file a timely post-conviction petition due to an "extraordinary circumstance" outside his control. I am unable to agree to the expansion of our due process tolling exceptions based on the facts of this case.

Nor do I agree that the test adopted by the majority provides relief to Mr. Whitehead. Applying the first Holland prong, it is not clear that Mr. Whitehead diligently pursued his claim. The trial court determined, correctly in my opinion, that Mr. Whitehead had two months from his receipt of the August 3, 2007 letter to prepare his pro se post-conviction

petition. The prison law library afforded him the opportunity to research the law applicable to post-conviction relief, and Mr. Whitehead testified that he began researching the law after receiving his former attorney's letter.

The majority suggests that Mr. Whitehead could not have prepared a meaningful petition until he received his former attorney's file. Although the record does not reflect what, if anything, his attorney had previously provided to him, Mr. Whitehead possessed sufficient factual information to timely file a pro se petition even in the absence of his files. See Tenn. Sup. Ct. R. 28, § 6 (B)(4)(b) ("No pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel.").

As to the second Holland prong, Mr. Whitehead has not proven the existence of an extraordinary circumstance nor that an extraordinary circumstance prevented the timely filing of his petition. The focus of the inquiry in Holland was whether attorney abandonment could constitute an extraordinary circumstance. The majority concludes in this case that the collective failures of Mr. Whitehead's former attorney are equivalent to the types of attorney abandonment described in Holland and Maples v. Thomas, _ U.S. _, 132 S. Ct. 912 (2012), and thus constitute an extraordinary circumstance. I disagree.

The facts here are not analogous to the attorney abandonment described in Holland and Maples. The petitioners in Holland and Maples were not only the victims of attorney mistakes and communication failures, but each petitioner also erroneously believed his attorney was pursuing his legal matter on his behalf. In contrast, Mr. Whitehead was given an incorrect date for filing a timely petition and was delayed in receiving files from his former attorney. Mr. Whitehead never operated under the misconception that the pursuit of post-conviction relief was not his responsibility or that his former appellate attorney was pursuing his post-conviction claim.

The trial court determined that the attorney-client relationship between Mr. Whitehead and his appellate counsel terminated when the United States Supreme Court denied his writ of certiorari on March 5, 2008. The trial court found that:

> In this case Mr. Whitehead knew that he no longer had counsel.
> Mr. Whitehead knew that it was on him from the time that the
> Supreme Court of the United States denied cert, at least at that
> point he knew he no longer had [appellate counsel] as his
> lawyer. So whatever occurred after that was up to him. . . . if I
> accept Mr. Whitehead's statement that he knew nothing about
> post-convictions until he got that letter in August, he still had

time because he testified that as soon as he read that word "post-conviction" he wanted to find out what it was and goes to the library and he starts reading up on it.

The majority does not conclude that the evidence preponderates against the trial court's factual findings. Giving due deference to those findings, Mr. Whitehead knew that his former counsel's representation ended when the United States Supreme Court denied certiorari. Any negligence attributable to Mr. Whitehead's former counsel occurred after her representation of him ended. Under these circumstances, I cannot find his former attorney's negligence to have constituted abandonment.

For a number of years we have applied the test established in Burford and found due process tolling warranted in extremely limited circumstances. The majority concedes that "[n]one of [appellate counsel's] failures, standing alone, would be sufficient" to toll the statute of limitations under our prior case law. Although Mr. Whitehead's situation is unfortunate, the cumulative negligent acts of his former attorney do not constitute attorney abandonment or an extraordinary circumstance and do not fall within our narrowly carved due process tolling exceptions. I find no reason to adopt a new test or to add attorney abandonment as a new ground for due process tolling under the facts of this case. Therefore, I respectfully dissent.

_____
JANICE M. HOLDER, JUSTICE
